## MER ROUGE STATE BANK v. EMPLOYERS' LIABILITY ASSUR. CO., LIMITED, OF LONDON, ENGLAND.

(Circuit Court of Appeals, Fifth Circuit. February 11, 1921.)

No. 3561.

**1. Insurance ☞425—Policy held to cover robbery from unlocked safe within locked vault.**

An insurance policy covering loss by robbery of money and securities within the safe or vault insured, by compelling, under threat of personal violence, an officer of the assured to unlock the safe or vault, covers a robbery committed by taking securities from an unlocked safe, which was within a locked vault, where the robbers compelled the cashier to open the vault, although the loss could not have been covered, if the vault had also been unlocked.

**2. Insurance ☞146(3)—Policy construed most strongly against the insurer.**

An insurance policy is to be construed most strongly against insurer and liberally in favor of the insured.

In Error to the District Court of the United States for the Eastern District of Louisiana; Rufus E. Foster, Judge.

Action by the Mer Rouge State Bank against the Employers' Liability Assurance Company, Limited, of London, England. Suit dismissed, after exception to the amended petition for no cause of action was sustained, and plaintiff brings error. Reversed.

John C. Hollingsworth, of New Orleans, La. (Madison & Madison, of Bastrop, La., on the brief), for plaintiff in error.

Edward Rightor, of New Orleans, La., for defendant in error.

Before WALKER, BRYAN, and KING, Circuit Judges.

WALKER, Circuit Judge. This was an action by the plaintiff in error, an incorporated Louisiana State Bank, on two policies of insurance providing it indemnity protection against losses of money or securities, through burglary and robbery. The petition as amended contained averments to the following effect:

After 4 o'clock p. m. of a named day, while each of the policies was in force, and while the petitioner's cashier was within the banking inclosure reserved for the use of the assured's officers or office employees, and was engaged in performance of his duties as cashier, unknown burglars, robbers, and hold-up men, by the use of force, and at the point of a pistol or pistols, held up said cashier, within the banking inclosure, and while keeping him covered with a revolver, by the use of force and threats compelled him to unlock the door of the bank's locked vault, and thereupon, while continuing to use force and threats, secured a stated sum of money from an unlocked safe within such vault. An exception to the amended petition on the ground that it set forth no legal cause of action was sustained, and the suit was dismissed.

By the policies sued on the defendant in error agreed to indemnify the plaintiff in error:

---

"A. For all loss of money and securities in consequence of the felonious abstraction of the same during the day or night from the safe or safes (or from the vault, if contents of same are specifically insured) after said safe or safes or vault have been duly closed and locked, described in said schedule, while located in said banking room, also described in said schedule hereinafter called the premises, by any person or persons after forcible entry into such safe or safes or vault, or by any accomplice of such person or persons. In the event that the said safe or safes or vault are not locked by time lock, the corporation shall not be liable for loss of said money and securities feloniously abstracted therefrom, unless said forcible entry is made therein by the use of tools, explosives, chemicals or electricity directly thereupon.

"B. For all loss by damage to said money and securities, and to said safe or safes or vault, described in said schedule, or to the premises, or to the office furniture and fixtures therein, caused by such person or persons while making or attempting to make such entry into said premises, vault, safe or safes.

"C. For all loss by robbery (commonly known as hold-up) of money and securities: (1) From within the banking inclosure reserved for the use of the officers or office employés of the assured, while at least one officer or office employé of the assured is present and regularly at work in the premises; (2) from an officer or office employé of the assured while transferring the same during the assured's regular office hours, either way between the said banking inclosures and any safe or vault described in the schedule as located in the premises outside of the said inclosures; (3) from within that part of the safe or safes or vault insured hereunder, caused by robbers during the day or night, by compelling under the threat of personal violence an officer or office employé of the assured to unlock and open the safe or safes or vault."

The policies covered a described safe located within a described vault. The safe and vault mentioned in the petition were those described in the policies. The form of the policies sued on is the same as that of the Maryland Casualty Company policy which was construed by this court in the case of Franklin State Bank v. Maryland Casualty Company, 256 Fed. 356, 167 C. C. A. 526. The facts of the case cited were different from those of the instant case, in that the alleged robbery which was in question in the former was a taking of money from an unlocked safe within an unlocked vault, while the robbery alleged in the latter was effected by getting access to money within a locked vault by forcing, under threat of personal violence, the cashier to unlock it. It was decided in the cited case that on the state of facts disclosed therein the insurer was not liable. Language used in the opinion in that case is to be read in the light of the state of facts it dealt with, which, as above stated, was different from the state of facts disclosed in the instant case. The cited case cannot properly be given effect as a decision on a question not raised by the facts of it, namely, whether such a policy as those now sued on covers a loss of money by a robbery which was effected by getting access to the contents of a locked vault by forcing, under threat of violence, the bank's cashier to unlock it.

[1] The analysis of the provisions of the policies sued on found in the opinion in the above-cited case dispenses with the necessity of considering in this case any of those provisions, except the one of the above-quoted subdivision C which makes the insurer liable—

"for all loss by robbery (commonly known as hold-up) of money and securities: * * * (3) From within that part of the safe or safes or vault insured hereunder caused by robbers during the day or night, by compelling

under the threat of personal violence an officer or office employé of the insured to unlock and open the safe or safes or vault."

The just quoted language equally covers a loss of money or securities, caused in the way stated, from within either a safe or a vault which is insured under the policy.

[2] Nothing in the language of the provision, which is to be construed most strongly against the insurer and liberally in favor of the insured, indicates an intention to exclude from the protection stipulated for money within a locked vault, if such money is in an unlocked safe within such vault, access to which is obtained in the way stated. No distinction is made between a loss from a safe and a loss from a vault. The averments of the amended petition show that the robbers were enabled to get to the money mentioned by compelling the cashier under threat of personal violence to unlock the vault containing that money. We are not of opinion that the fact that the money, before access to it was so obtained, was in an unlocked safe within the locked vault, had the effect of making the loss, caused as alleged, one which was not insured against.

The conclusion is that the averments of the petition as amended show a loss within the terms of the last-quoted provision of the policies sued on, and that the court erred in ruling as above stated. Because of that error the judgment is reversed.